**David B. DAHL, et al., Plaintiffs,**

v.

**Ronald S. ENGLISH, et al., Defendants.**

**Kenneth BOBROW, et al., Plaintiffs,**

v.

**Ronald S. ENGLISH, et al., Defendants.**

**Nos. 82 C 6089, 82 C 6090.**

United States District Court,
N.D. Illinois, E.D.

March 30, 1983.

18

Herbert Beigel, Barnett & Beigel, Ltd., Harvey J. Barnett, Ira J. Bornstein, Kathleen M. Richards, Chicago, Ill., for plaintiffs.

Gerald B. Mullin, Robert T. O'Donnell, George J. Schaller, Ronald A. Sandler, Epton, Mullin, Segal & Druth, Ltd., Chicago, Ill., Michael P. Mullen, Stephen C. Voris, Burke, Griffin, Chomicz & Wienke, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

McGARR, Chief Judge.

This consolidated action is before the court on two separate motions to dismiss. Plaintiffs, in two separate, but virtually identical, five-count amended complaints, allege violations of federal and Illinois state securities laws (Counts I and II), common law fraud (Count III), breach of fiduciary duty (Count IV), and negligence (Count V) against the defendants.[1] The action involves the sale by the defendant corporations to the individual plaintiffs of original works of art in lithographic plate form. In addition to the corporate defendants and their president, Ronald English, the defendants include two art appraisers, Sigmund Rothschild and F. Peter Rose,[2] and the New York law firm of Burns, Van Kirk, Greene & Kafer, as well as several individual partners and associates of the firm.[3] The English defendants have moved to dismiss Counts I–III of the amended complaints on various grounds. Several of the Burns, Van Kirk defendants have similarly moved to dismiss Count II.

■ For purposes of a motion to dismiss, the allegations of plaintiffs' amended complaints must be taken as true. *Grand Opera Co. v. Twentieth Century-Fox Film Corp.*, 235 F.2d 303 (7th Cir.1956). Although the amended complaints include no exhibits, both plaintiffs and the English defendants have attached exhibits to their memoranda. Rule 12(b) of the Federal Rules of Civil Procedure requires that where matters outside the pleading are presented to and not excluded by the court, a rule 12(b)(6) motion must be treated as one for summary judgment. To avoid the effect of this rule, the court has not considered the exhibits in making its decision on these motions.

### Counts I and II

Count I alleges violations of federal securities law, 15 U.S.C. §§ 77q, 78j(b), and rule 10b–5, while Count II alleges violations of Illinois securities laws. Ill.Rev.Stat. ch. 121½, § 137.12. In determining whether a violation of the above provisions exists, the threshold question is whether the transaction involved the purchase and sale of a "security."

The federal securities acts define a security with a list of specific commercial transactions as well as a catch-all classification, "investment contract." *See* 15 U.S.C. §§ 77b(1), 78c(a)(10). Since the instant transaction clearly does not fall within one of the specific transactions, it must be determined to be an investment contract if the securities claims alleged in the amended complaints are to survive. The Supreme Court in *SEC v. W.J. Howey Co.*, 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946), set forth the test for finding an investment contract: "whether the scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others." *Id.* at 301, 66 S.Ct. at 1104. Because the instant transaction fails at the outset to meet the "common enterprise" requirement, the court need not determine whether plaintiffs anticipated profits to come solely from the efforts of others.

Paragraph 5 of both amended complaints states:

> 5. Each plaintiff herein purchased certain rights in an artistic plate or plates, ... which plate and the accompanying transactions constitute the purchase of a security.... Defendant Ra-

---

1. The defendants are the same in both cases except that in 82 C 6089 the plaintiffs contracted with Raton Graphics, Inc., while in 82 C 6090 the plaintiffs contracted with Western Assets, Inc. Defendant Ronald English is president of both corporations.

2. The corporate defendants (Raton Graphics and Western Assets), their president (English)

and the appraisers (Rothschild and Rose) will hereinafter be referred to collectively as the English defendants.

3. The law firm and its individual partners and associates will hereinafter be referred to collectively as the Burns, Van Kirk defendants.

ton Graphics, Inc. [Western Assets, Inc.] negotiated the various distribution agreements which plaintiffs entered into with the distributors. Plaintiffs invested their money with the defendants with the expectation of earning both an economic profit and tax benefits from the defendants' efforts.

Although that paragraph specifically alleges an expectation of profits from efforts of others, neither that paragraph nor the remainder of the amended complaints contains any allegation of a common enterprise. Nor do the facts alleged in the amended complaints indicate that a common enterprise exists.

To meet the common enterprise element, this circuit has held fast to the requirement of a pooling of investors' resources, or "horizontal commonality," as first espoused in *Milnarik v. M–S Commodities, Inc.*, 457 F.2d 274 (7th Cir.), *cert. denied*, 409 U.S. 887, 93 S.Ct. 113, 34 L.Ed.2d 144 (1972). *See Frederiksen v. Poloway*, 637 F.2d 1147 (7th Cir.), *cert. denied*, 451 U.S. 1017, 101 S.Ct. 3006, 69 L.Ed.2d 389 (1981); *Goodman v. Epstein*, 582 F.2d 388 (7th Cir.1978), *cert. denied*, 440 U.S. 939, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979); *Hirk v. Agri-Research Council, Inc.*, 561 F.2d 96 (7th Cir.1977); *see also Curran v. Merrill Lynch, Pierce, Fenner & Smith*, 622 F.2d 216 (6th Cir.1980), *aff'd on other grounds*, 456 U.S. 353, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982). *But see, e.g., Brodt v. Bache & Co.*, 595 F.2d 459 (9th Cir.1978); *SEC v. Koscot Interplanetary, Inc.*, 497 F.2d 473 (5th Cir.1974). Although many of the above cases favoring the horizontal commonality requirement involve discretionary commodities trading accounts, nothing in those opinions limits that requirement to that context, as plaintiffs have suggested. Furthermore, the Seventh Circuit in both *Hirk* and *Milnarik* pointed to the "unitary" nature of the trading accounts as precluding a pooling of investors' resources. *See Hirk*, 561 F.2d at 101; *Milnarik*, 457 F.2d at 277.

■ The court finds it difficult to conceive of a transaction with a more unitary nature than that in the instant case, i.e., the sale of unique pieces of artwork to individual purchasers at different prices through different contracts executed at different times. As the English defendants have noted, the fact that two purchasers have bought products from the same seller fails to establish a pooling of funds as required for a common enterprise. English Reply Mem. at 4. Moreover, plaintiffs' suggestion that pooling existed because of the number of investors (Plaintiffs' Mem. at 9) is without merit. A large number of transactions "merely recognizes the intention of any seller to transact numerous sales in order to cover total costs, reduce marginal individual costs and maximize profits." English Reply Mem. at 4. Most indicative of the unitary nature of the instant transactions is that each purchaser's success depends on the marketability and public acceptance of his particular artwork and not on the success of any other purchaser's artwork. Indeed, each purchaser was in competition with every other purchaser for sales of his artwork. *See id.* at 7.

As the amended complaints have failed to allege the requisites of a common enterprise in the instant transactions, the transactions do not constitute securities and therefore do not fall within the protection of the securities acts. Thus, Counts I and II are dismissed as to all defendants.[4]

### Count III

■ The English defendants have moved to dismiss Count III, grounded in common law fraud, on the bases that (1) with the

---

**4.** Inexplicably, the Burns, Van Kirk defendants who joined the motion to dismiss Count II failed to raise the definition of a security as a ground for dismissal and failed to move for dismissal of Count I on any ground. Still other Burns, Van Kirk defendants have failed to answer or otherwise plead to Count I and/or Count II. Nonetheless, the court *sua sponte* dismisses both Counts I and II against all defendants because the transactions complained of do not constitute securities. This dismissal moots the grounds upon which some of the Burns, Van Kirk defendants sought to dismiss Count II.

federal securities claim dismissed, the alleged basis of federal subject matter jurisdiction—the doctrine of pendent jurisdiction—no longer is warranted; and (2) plaintiffs failed to plead fraud with the specificity required by rule 9(b) of the Federal Rules of Civil Procedure.

The court agrees that under *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), Count III (and Counts IV and V which are also asserted under pendent jurisdiction) must be dismissed along with the federal claim. However, although not alleged in the amended complaints, the requisites for diversity jurisdiction appear to exist on the face of the amended complaints. Plaintiffs therefore are given leave to file a further amended complaint to allege, if they properly may, jurisdiction for the remaining counts under diversity.

The English defendants contend that the amended complaints fail to plead fraud with particularity as required by rule 9(b) of the Federal Rules of Civil Procedure. Specifically, the English defendants claim that (1) plaintiffs' allegations of misrepresentation and omissions of material facts are too conclusory to sustain a fraud claim; and (2) plaintiffs' allegations of material omissions are contradicted by the documents each plaintiff received before the transactions occurred.

■ One of the primary purposes of rule 9(b) is to give notice to a defendant of the claim against him and of the facts relied upon as constituting the fraud charged. *Felton v. Walston & Co.*, 508 F.2d 577, 581 (2d Cir.1974). Although mere conclusory allegations to the effect that a defendant's conduct was fraudulent are insufficient, rule 9(b) must still be reconciled with rule 8 which requires a short and plain statement of the claim. *Tomera v. Galt*, 511 F.2d 504, 508 (7th Cir.1975). Thus, the federal rules do not require that a claimant set out in detail the facts upon which he bases his claim.

■ In the instant action, the paragraphs in Count III (or incorporated by reference in Count III) which set forth the alleged misrepresentations are as follow:

45. [¶ 48 in 82 C 6090] Defendants ... made various oral and written representations to the plaintiffs which were false and materially misleading and contained untrue statements of fact, including, but not limited to, the following untrue statements:

(a) The Memorandum, Selling Documents, Tax Opinion and English all informed plaintiffs that the Investment consists of owning and exploiting plates or original works of art through the production and sale of a limited edition of original prints made from the plates, posters, tapestries, greeting cards, plaques, and note paper, all of which carry the image contained in the plate.

(b) Both expert appraisals for each Investment made by the plaintiffs [sic] stated that the fair market value of the Investment is at least equal to the purchase price paid by the plaintiffs.

(c) The Memorandum, Selling Documents, Tax Opinion and English all informed plaintiffs that the total amount paid by each plaintiff for each plate and the rights therein is attributable to the plate and not to the rights therein.

. . . .

113. [116.] The aforesaid misrepresentations of material facts ... constitute fraud on the plaintiffs.

A fair reading of these paragraphs confirms that Count III meets the pleading requirements of rules 8 and 9(b). They are more than mere conclusory allegations of fraudulent conduct and adequately apprise the defendants of the factual claims against them in a concise manner.

In paragraph 46 [49] of the amended complaints, plaintiffs list nine alleged omissions of material facts. The English defendants contend that, in addition to being

conclusory,[5] they are contradicted by documents each plaintiff received prior to the transactions.[6]

■ At issue on this motion is the sufficiency of the allegations of the amended complaints, and not the truth of those allegations. Thus, any documents that defendants wish to use to counter the allegations will be more appropriately raised as defenses at a proceeding on the merits. Nevertheless, if it becomes apparent at such a proceeding that plaintiffs have asserted causes of action to which there are patent defenses of which they should have been aware, plaintiffs may be subject to sanctions at that time.

### Conclusion

For the foregoing reasons, the English defendants' motion to dismiss Counts I and II is granted. Counts I and II are likewise dismissed *sua sponte* as to all other defendants. The English defendants' motion to dismiss Count III for lack of subject matter jurisdiction is granted. Plaintiffs are given leave to file a further amended complaint within twenty days to cure the jurisdictional defect.

---

**5.** The court finds the allegations of omissions to be sufficient under rule 9(b) for the same reasons discussed above.

**6.** These documents are attached as exhibits to the English defendants' memorandum in support of its motion. As noted above, *see supra,* these exhibits were not considered in ruling on these motions.