In re Douglas A. BAKER, dba Renegade Sports Center, and Debra J. Baker, dba Debra J. Baker, C.P.A., Debtors.

Dick MAY and Chris May, Plaintiffs,

v.

Douglas A. BAKER and Debra J. Baker, Defendants.

Bankruptcy No. BK–R–85–00413.
Adv. No. 85–0113.

United States Bankruptcy Court,
D. Nevada.

Nov. 4, 1986.

Bradley P. Elley, Law Office of D.G. Menchetti, Ltd., Incline Village, Nev., for plaintiffs Dick and Chris May.

John R. Martz, Reno, Nev., for defendants Douglas and Debra Baker.

## MEMORANDUM DECISION AND ORDER

JAMES H. THOMPSON, Bankruptcy Judge.

This adversary proceeding is before the court on plaintiffs' complaint to determine the dischargeability of a debt under 11 U.S.C. §§ 523(a)(4) or (6) or that debtors should be denied discharge under §§ 727(a)(3) or (5). Defendants moved to dismiss for failure to state a claim on which relief can be granted. The motion to dismiss is based on Fed.R.Civ.P. 12(b)(6) made applicable to this adversary proceeding by Bankruptcy Rule 7012.

*Rule 12(b)(6)*

■ The Federal Rules of Civil Procedure provide that a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed.R.Civ.P. 8(a)(2). The word "claim" means the aggregate of operative facts which give rise to a right enforceable in the courts, or refers to a set of facts giving rise to one or more legal rights. *Goldstein v. North Jersey Trust Co.,* 39 F.R.D. 363, 366 (S.D.N.Y.1966). The complaint is sufficient if, within the framework of the complaint, the defendant is informed with reasonable particularity of a legally cognizable claim against him. *United States v. Crown Zellerbach Corporation,* 141 F.Supp. 118, 125 (N.D.Ill.1956). Allegations that are conclusory and do not set forth sufficient material facts to support plaintiffs' claim are not sufficient. *See North Star International v. Arizona Corporation Commission,* 720 F.2d 578, 583 (9th Cir.1983).

*Plaintiffs' § 523(a)(4) claim*

■ Plaintiffs' first claim is based on 11 U.S.C. § 523(a)(4) which excepts from discharge any debts of an individual "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny...." In support of this claim, plaintiffs' plead the following:

1. That defendants purchased all of plaintiffs' shares of D & D Masonry, Inc.;

2. that the debt was evidenced by defendants' promissory note and secured by a lien on corporate equipment;

3. that defendants, individually, and as officers of D & D Masonry, Inc., disposed of the property without plaintiffs' permission or consent; and

4. that the corporation is defunct and its stock is now worthless.

Under Fed.R.Civ.P. 9(b) fraud must be pled with particularity. Reading Rule 9(b) in conjunction with Rule 8, plaintiffs' complaint must provide a short and simple description of the factual basis for the fraud claim. *See Rosengarten v. Buckley,* 565 F.Supp. 193, 196 (D.Md.1982). "Generally, a [fraud claim] is considered sufficient when it sets forth the time, place, particular contents of the false representations, the identity of the party making the false representations, and the consequences of the misrepresentation." *Rudolph v. Mer-*

*rill Lynch, Pierce, Fenner & Smith, Inc.*, 100 F.R.D. 807, 809 (N.D.Ill.1984). Plaintiffs' allegations of fraud merely state in a conclusory fashion that without plaintiffs' permission or consent, defendants as individuals and officers of D & D Masonry, Inc. disposed of corporate property secured by a lien in favor of plaintiffs. These allegations fail to show a sufficient factual basis to support a fraud claim which must be pled with particularity under Rule 9(b).

■ Plaintiffs' pleading burden with respect to the defalcation claim is much lighter. The term "defalcation" is a broader term than fraud and would include the taking of money entrusted to a fiduciary. *Central Hannover Bank and Trust Co. v. Herbst*, 93 F.2d 510 (2d Cir.1937). Further, if it is proven that a debtor committed a defalcation with respect to funds held in trust, it is not necessary to prove that the defalcation was intentional. *Gonzalles v. Raiser Constr. Co. Inc.*, 22 B.R. 58, 59 (Bankr. 9th Cir.1982). Finally, Fed.R. Civ.P. 9(b) does not require that a defalcation claim be stated with particularity. However, in order to survive defendants' motion to dismiss, under § 523(a)(4), both of plaintiffs' claims of fraud or defalcation must also sufficiently allege that defendants committed the fraud or defalcation while acting in a fiduciary capacity. *Crawford v. Burke*, 195 U.S. 176, 25 S.Ct. 9, 49 L.Ed. 147 (1904) (interpreting former § 17(a)(4) of the Bankruptcy Act).

> The meaning of "fiduciary" in § 523(a)(4) is an issue of federal law. The broad, general definition of fiduciary—a relationship involving confidence, trust and good faith—is inapplicable in the dischargeability context. The trust giving rise to the fiduciary relationship must be imposed prior to any wrongdoing [and] the debtor must have been a "trustee" before the wrong and without reference to it. These requirements eliminate constructive, resulting or implied trusts.

*Ragsdale v. Haller*, 780 F.2d 794, 796 (9th Cir.1986) (citations omitted).

In *Schlecht v. Thorton*, 544 F.2d 1005, 1006 (9th Cir.1976), the court announced several criteria or characteristics that must exist in order to give rise to an express trust; these are:

> 1. Specific words in the contract or other document that create a trust;
> 2. definite subject matter and beneficiary;
> 3. a specified res or trust corpus; and most importantly,
> 4. a specific intent to create a fiduciary relationship.

In *In re Graham*, 7 B.R. 5 (Bankr.D. Nev.1980), a security agreement was entered into by a corporation and provided that all proceeds from the sale of collateral was to be held in trust by the corporation. The security agreement was personally guaranteed by the debtor as principals of the corporation. In *Graham*, this court held that in the absence of a separate account relating to the trust corpus, "[a] trust clause inserted in a document which sets up a debtor-creditor relationship in an effort to assure the debtor's performance of its obligation does not create a trust." This result is consistent with a narrow interpretation of "fiduciary" under § 523(a)(4) and with the narrow construction of exceptions to discharge. *See In re Long*, 44 B.R. 300, 304–306 (Bankr.D.Minn 1983), *aff'd*, 774 F.2d 875 (8th Cir.1985).

■ Plaintiffs' complaint fails to indicate how any type of fiduciary relationship exists. The complaint merely indicates that there was some form of debtor/creditor relationship between the parties resulting from the purchase of D & D Masonry, Inc. Since a debtor/creditor relationship, without more will not establish a fiduciary/beneficiary relationship under § 523(a)(4), plaintiffs' first cause of action does not state a claim upon which relief can be granted.

### Plaintiffs' § 523(a)(6) claim

■ Plaintiffs' second claim is based on 11 U.S.C. § 523(a)(6) which excepts from discharge any debts of an individual "for willful and malicious injury by the debtor

to another entity or to the property of another entity...." In support of this claim, plaintiffs repeat their allegations in support of their 523(a)(4) claim. Plaintiffs add that their injury was caused by defendants' conversion of proceeds from the secured collateral to their own use or improper uses of the corporation.

The phrase "willful and malicious" as it appears in § 523(a)(6) requires an intentional act by the debtor "which necessarily produces harm and is without just cause or excuse." *In re Cecchini*, 780 F.2d 1440, 1443 (9th Cir.1986). Proof of specific intent to injure is not necessary. *Id.* It has been clearly held in this district that "[w]hen a debtor intentionally and knowingly sells collateral without the knowledge or consent of the secured creditor, the sale constitutes a willful and malicious act" and is not dischargeable under § 523(a)(6). *In re Linklater*, 48 B.R. 916, 920 (Bankr.Nev. 1985).

Plaintiffs' complaint gives defendant fair notice of plaintiffs' claim that the defendant-debtor converted proceeds from secured collateral in violation of plaintiffs' security agreement. While Plaintiffs' allegations relating to the second cause of action are sketchy at best, they are sufficient to withstand defendants' 12(b)(6) motion.

*Plaintiffs' § 727(a)(3) claim*

■ Plaintiffs' third claim is based on 11 U.S.C. § 727(a)(3) which provides that the court shall grant the debtor a discharge, unless:

The debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case....

In support of this claim, plaintiffs repeat their allegations in support of their 523(a)(4) & (6) claims. In addition, plaintiffs claim on information and belief the language of § 727(a)(3). These allegations are conclusory and do not set forth any material facts that support plaintiffs' claim. Plaintiffs' claim is merely a repetition of the language of the statute. It gives no particulars. As it stands, it would allow the introduction of such a variety of evidence that the debtor would not be fairly apprised of the charges against him. Accordingly, plaintiffs' § 727(a)(3) claim is dismissed for failure to state a claim on which relief can be granted.

*Plaintiffs' § 727(a)(5) claim*

■ Plaintiffs' fourth claim is based on 11 U.S.C. § 727(a)(5) which provides that the court shall grant the debtor a discharge, unless:

The debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities....

In support of this claim, plaintiffs claim that at their Rule 2004 examination, upon request, debtors failed to explain satisfactorily loss or deficiency of assets secured in favor of plaintiffs. Once again, plaintiffs have failed to plead any particulars regarding defendants' explanations at the Rule 2004 examination. As with plaintiffs' § 727(a)(3) claim, if this claim were allowed to stand, it would allow the introduction of such a variety of evidence that the debtor would not be fairly apprised of the charges against him. Accordingly, plaintiffs' § 727(a)(5) claim is dismissed for failure to state a claim on which relief can be granted.

*Conclusion*

Defendants' motion to dismiss plaintiffs' second cause of action is denied. Defendants' motion to dismiss plaintiffs' first, third and fourth causes of action are granted. Plaintiff is granted 30 days from the entry of this order to amend the complaint to cure all deficiencies. Failure to so amend will constitute dismissal with prejudice of plaintiffs' first, third and fourth causes of action.

IT IS SO ORDERED.