In re Devon Renee JENKIN, Debtor.

**STATE FARM FIRE AND CASUALTY COMPANY, Appellant,**

v.

**Devon Renee JENKIN, aka Devon R. Jenkin, aka Devon Jenkin, Appellee.**

**BAP No. CC–87–1650 JMoMe.**

**Bankruptcy No. LA86–2315WL.**

**Adv. No. LA87–0612WL.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted Nov. 3, 1987.[1]

Decided Jan. 21, 1988.

---

1. Pursuant to B.A.P. Rule 3(a) and Bankruptcy Rule 8012, the Panel has determined that the facts and legal arguments are adequately presented in the briefs and record and that oral arguments would not be helpful in deciding this appeal.

John M. Thomas, A Law Corporation, Los Angeles, Cal., for appellant.

Ronald J. Drescher, Levene & Eisenberg, Los Angeles, Cal., for appellee.

Before JONES, MOOREMAN and MEYERS, Bankruptcy Judges.

## OPINION

ROBERT CLIVE JONES, Bankruptcy Judge:

The plaintiff below, State Farm Fire and Casualty Company ("State Farm"), appeals an order dismissing with prejudice its complaint objecting to the discharge of the debtor, Devon Jenkin ("Jenkin"). We reverse.

## FACTS

On February 17, 1986, Jenkin's condominium and several adjoining units were gutted by fire. State Farm provided insurance to one of Jenkin's neighbors whose condominium was damaged by the fire.

On December 9, 1986, Jenkin filed a Chapter 7 petition. The first meeting of creditors required by Bankruptcy Code section 341(a) was held on February 2, 1987. The last day on which to file a complaint objecting to Jenkin's discharge under Bankruptcy Code section 727(a) was April 3, 1987. *See* Bankr.Rule 4004.[2] On that date, State Farm filed a complaint that simply recited the language of section 727(a). Jenkin moved to dismiss the case on the ground that it simply recited the statutory language. Jenkin also sought sanctions for filing the complaint on the ground that it had been filed to harass Jenkin, to delay the granting of a discharge, and to increase the costs of litigation.

State Farm opposed the motion although the opposition was filed eight days after the deadline set by the local rules. State Farm also requested an opportunity to amend the complaint if the motion to dismiss was granted. After a hearing, the trial court dismissed the complaint with prejudice for failure to state a claim upon which relief may be granted.

## ISSUE

Whether the bankruptcy court erred by dismissing State Farm's complaint without giving it an opportunity to amend.

## STANDARD OF REVIEW

We review de novo the trial court's dismissal of a complaint for failure to state a claim upon which relief may be granted. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986). We review the court's denial of a motion for leave to amend for an abuse of discretion. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir.1986).

## DISCUSSION

A complaint objecting to discharge must contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief,...." Bankr. Rule 7008(a). In addition, "[i]n all averments of fraud or mistake, the circum-

---

**2.** Rule 4004(a) provides in relevant part: "In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under [section] 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to [section] 341(a)."

stances constituting fraud or mistake shall be stated with particularity." Bankr.Rule 7009(b). Accordingly, a complaint objecting to discharge must "state with particularity the underlying facts and the wrong alleged so that the broad policy of the federal rules to fairly apprise parties of the complaint against them in sufficient detail to allow them to adequately answer and prepare their defense is ensured." *In re Schwartzman,* 63 B.R. 348, 355 (Bankr.S. D.Ohio 1986). *See also In re Baker,* 66 B.R. 652, 653 (Bankr.D.Nev.1986).

A complaint that contains a mere recitation of the statutory language, does not state a cause of action under Bankruptcy Code section 727(a). *Schwartzman,* 63 B.R. at 359. Such a complaint "would allow the introduction of such a variety of evidence that the debtor would not be fairly apprised of the charges against him." *Baker,* 66 B.R. at 655; *see Schwartzman,* 63 B.R. at 359; *In re Grossman,* 46 B.R. 319, 320 (Bankr.E.D.Pa.1985); *In re Shebel,* 54 B.R. 196, 197 (Bankr.D.Vt.1985). The complaint in the instant case merely recites the language of section 727(a). Dismissal was therefore appropriate.

However, the plaintiff should be given an opportunity to amend "where justice requires, there is no evidence of bad faith and the opposing party will not be unduly prejudiced,...." *Schwartzman,* 63 B.R. at 359 (citing Bankr.Rule 7015 (a)). An opportunity to amend is especially important in discharge cases because of the short time frame in which such complaints must be filed. *See* Bankr.Rule 4004(a). We note that each time this issue has been addressed by bankruptcy courts in the Ninth Circuit, the plaintiff has been allowed to amend its complaint. *See Baker,* 66 B.R. at 655; *In re Mufti,* 61 B.R. 514 (Bankr.C.D.Cal.1986); *In re McGuff,* 3 B.R. 66 (Bankr.S.D.Cal.1980). A majority of bankruptcy courts in other jurisdictions have also allowed plaintiffs to amend. *See Schwartzman,* 63 B.R. at 359–61; *Shebel,* 54 B.R. 196; *In re Sriberg,* 49 B.R. 80 (Bankr.D.Mass.1984); *In re Morgan,* 41 B.R. 259 (Bankr.D.Tenn.1984); *In re Klein,* 31 B.R. 947 (Bankr.E.D.N.Y.1983). *Contra In re Kerr,* 58 B.R. 171 (Bankr.E.D.Ark. 1985) (dismissal may have been without

prejudice); *Grossman,* 46 B.R. 319 (dismissal after trial); *In re Kunec,* 27 B.R. 650 (Bankr.M.D.Pa.1982) (dismissal after trial).

Here, Jenkin alleged in her motion to dismiss that the complaint was filed "for an improper purpose, notably harassment of the Defendant and delay in the enjoyment of Defendant's discharge, as well as unduly and unnecessarily increasing the costs of litigation." The order dismissing the complaint, however, makes no reference to these allegations. Nor does it otherwise indicate that the complaint was filed in bad faith. Moreover, nothing in the record suggests that Jenkin would have been prejudiced by giving State Farm an opportunity to amend. We conclude that under these circumstances the trial court abused its discretion by denying State Farm an opportunity to amend its complaint.

Accordingly, the order dismissing the complaint is REVERSED. The case is remanded to the trial court for entry of an order allowing State Farm a reasonable time in which to file an amended complaint.