**In re Virginia POTTER, individually and d/b/a Architectural Designers and Associates, Debtor.**

**Guy OLSON and Patricia Olson and G.E.O. Electric, Creditors–Plaintiffs,**

v.

**Virginia POTTER, individually and d/b/a Architectural Designers and Associates, Defendant.**

**Bankruptcy No. 87 B 3043.**
**Adv. No. 87 A 699.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

March 31, 1988.

Adrianne S. Harvitt, Harvitt & Gekas, Ltd., Chicago, Ill., for debtor.

Bruce Dopke, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., Nikki J. Cheeseman, Jones & McJoynt, Donners Grove, Ill., for plaintiffs.

David R. Brown, Arkin & Brown, River Forest, Ill., Trustee.

## MEMORANDUM AND ORDER

ROBERT E. GINSBERG, Bankruptcy Judge.

This matter comes to be heard on the debtor's motion to dismiss a complaint objecting to her discharge filed by Guy Olson, Patricia Olson and G.E.O. Electric ("Plaintiffs"). For the reasons stated below, Counts I and III of the Plaintiffs' complaint are dismissed unless amended within 21 days to plead fraud with particularity in accordance with Federal Rule of Civil Procedure 9(b). The debtor's motion to dismiss Counts II is denied for reasons stated herein. The debtor's motion to dismiss Count IV is granted.

## FACTS

On February 26, 1987, the debtor filed a voluntary petition under Chapter 11 of Title 11 of the Federal Bankruptcy Code (the "Code"). The debtor's financial troubles stem primarily from the fact that she was sole proprietor of a business known as Architectural Designers and Associates, ("AD"). AD was in the business of design and construction of custom built homes in DuPage County for approximately ten years. At the Chapter 11 § 341 Meeting of Creditors held on April 14, 1987, debtor's counsel announced the debtor's intention to convert the case from a Chapter 11 proceeding to a Chapter 7 proceeding. On April 24, 1987, this Court converted the proceeding on the debtor's motion. The debtor's bankruptcy schedules and statement of affairs, indicate that the debtor had a negative net worth of $451,857.00.

On June 5, 1987, the debtor attended the § 341 Meeting of Creditors in the Chapter 7 case. At the meeting, the debtor identified herself and her signature on her bankruptcy petition, invoked her fifth amendment right against self incrimination, and refused to answer questions regarding her present or past financial condition.[1] The trustee filed a motion to compel the debtor to submit to an examination and to turnover property of the estate. On July 17, 1987, the trustee's motion was denied. On August 4, 1987, the Plaintiffs filed a two count complaint objecting to the debtor's discharge and seeking to vacate the automatic stay. On November 9, 1987, the Plaintiffs filed an amended four count complaint objecting to the debtor's discharge. Essentially, the complaint alleged that the debtor was not entitled to a discharge under sections 727(a)(2), 727(a)(3), 727(a)(4), and 727(a)(5) of the Code. The debtor responded with a motion to dismiss the complaint for failure to state a claim.

### Standard For Motion to Dismiss

In order for the debtor to prevail on her motion to dismiss for failure to state a claim it must clearly appear from the pleadings that the Plaintiffs could prove no set of facts in support of their claims which would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Swanson v. Wabash, Inc.*, 577 F.Supp. 1308 (N.D.Ill.1983). The issue is not whether a plaintiff will ultimately prevail, but whether the plaintiff has pled a theory of a cause of action sufficient to

---

1. Apparently the debtor asserted her Fifth Amendment privilege because she had been served with a grand jury subpoena by the DuPage State's Attorney's Office.

entitle it to offer evidence to support its claims, i.e. whether there is some theory upon which the plaintiff could recover assuming arguendo that the plaintiff could prove the necessary facts. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In passing on this motion to dismiss, the Court will, of course, construe all of the allegations of the complaint favorably to the plaintiff. *Id.* at 236, 94 S.Ct. at 1686.

### Discussion

The debtor alleges, and the Plaintiffs admit, that Counts I and III of the Plaintiffs' complaint sound in fraud, and are therefore governed by the specificity requirement of Rule 9(b) of the Federal Rules of Civil Procedure. The debtor alleges however, that Counts I and III fail to satisfy the specificity requirement of Rule 9(b), and therefore must be dismissed. This Court agrees.

Rule 9(b) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings in bankruptcy by Bankruptcy Rule 7009(b), requires that in "averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity". One of the primary purposes of Rule 9(b) is to insure that pleadings give defendants fair notice of plaintiffs' claims and the grounds therefore, so that defendants can frame their answers and defenses. *Dahl v. English,* 578 F.Supp. 17 (N.D.Ill.1983); *Kaufman v. Magid,* 539 F.Supp. 1088 (D.Mass.1982).

Accordingly, allegations of fraud based on "information and belief" do not satisfy the specificity requirement, unless accompanied by a statement of facts on which the belief is founded. *Kimmel v. Peterson,* 565 F.Supp. 476 (E.D.Pa.1983). Moreover, simply stating the technical elements of fraud is not sufficient. *Riverway Co. v. Spivey Marine and Harbor Service,* 598 F.Supp. 909 (S.D.Ill.1984).

Although bankruptcy courts in applying Rule 9(b) take a more liberal approach to the specificity requirement where matters are peculiarly within the adverse party's knowledge, the allegations must still contain the requisite specificity. *See, In re O.P.M. Leasing Services, Inc.,* 32 B.R. 199 (Bankr.S.D.N.Y.1983).

### Count I

Count I of the complaint asserts that the debtor should be denied a discharge because "on information and belief ... that the Debtor, within one year prior to filing her petition, with intent to hinder, delay or defraud ... has transferred, removed, destroyed, mutilated or concealed property including but not limited to her general ledger of business activities for the years 1982 through 1987." This conclusory allegation falls woefully short of giving the debtor notice as to the charge made against her, and prevents the debtor from formulating an effective response. Moreover, "fair notice requires something more than a quotation from the statute", it requires facts in support of the allegations. *In re Hart,* 461 F.Supp. 328–30 (E.D.Ark.1978). *See also In re O.P.M. Leasing Services, Inc.,* 32 B.R. 199 (Bankr.S.D.N.Y.1983). The Plaintiffs' complaint does nothing more than parrot the statute verbatim and suggests, without really claiming, that somehow the statute applies to the allegedly missing ledger books. It does not tell the debtor what other "property" might be involved, whether she is alleged to have transferred the property, removed it, destroyed it, mutilated it, or concealed it. Lack of such particularity runs afoul Rule 9(b) as well as basic standards of notice pleading. Although greater liberality is afforded in fraud pleadings in a bankruptcy case, Count I of the Plaintiffs' complaint fails to satisfy even this more relaxed standard. In the interest of fairness, the Court will treat the motion to dismiss Count I as a motion for a more definite statement under Federal Rule of Civil Procedure 12(e) and give the Plaintiffs an opportunity to satisfy the requirements previously discussed. Unless the Plaintiffs amend Count I within twenty-one days to supply additional facts in support of their claims under section 727(a)(2) of the Code, Count I is dismissed.

## Count III

In Count III of their amended complaint the Plaintiffs allege that "on information and belief ... the Debtor knowingly and fraudulently, in or in connection with this case, withheld from the Trustee, recorded information, including her general ledger books, documents, records and papers relating to the Debtor's property or financial affairs." This allegation parrots section 727(a)(4) of the Code just as the allegation in Count I parrots section 727(a)(2) of the Code. Thus, the result of the debtor's motion as to Count III should be the same as that reached on the debtor's motion with respect to Count I.

■■■ Section 727(a)(4) of the Code is also subject to the particularity requirement of Federal Rule of Civil Procedure 9(b). The term "knowingly and fraudulently" in this context requires that the debtor's actions must have been taken with the knowing intent to defraud the trustee, or taken so recklessly as to justify a finding that the debtor acted fraudulently. *In re Black,* 19 B.R. 468 (Bankr.M.D.Tenn.1982). Yet, the Plaintiffs' complaint does not contain facts to support the conclusion that the debtor has intentionally withheld recorded information from the trustee. While the Plaintiffs identify the document and from whom it has been withheld, this does not suffice. Although an inference of actual intent may be drawn from convincing extrinsic evidence of fraud, *In re Rubin,* 12 B.R. 436 (Bankr.S.D.N.Y.1981), the Plaintiffs have pled no circumstances which could give rise to an inference of fraud. In effect they appear to be guessing that the debtor might have withheld the general ledger and other records from the trustee. Rule 9(b) requires more than a guess. Count III is dismissed in twenty-one days unless it is amended to plead fraud with greater particularity.

## Count II

■■■ Count II of the Plaintiffs' complaint requests denial of a discharge under section 727(a)(3) of the Code based on inadequate books and records kept by the debtor. Section 727(a)(3) of the Code provides that the Court shall deny a discharge where the debtor has "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books ... from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case." Intent to defraud is not an element of this objection to discharge. *In re Kinney,* 33 B.R. 594 (Bankr.N.D.Ohio 1983). Therefore, it is governed by the notice requirement of Federal Rule of Civil Procedure 8 and not the particularity requirement of Rule 9(b). *See Securities and Exchange Commission v. Tiffany Industries, Inc.,* 535 F.Supp. 1160 (E.D.Mo.1982). The question is not why doesn't the debtor have adequate books and records but rather simply does the debtor have adequate books and records.

■■■ The adequacy of a debtor's books and records is a question of fact to be determined in each instance under the particular circumstances. *In re Horton,* 621 F.2d 968 (9th Cir.1980). Whether books and records are adequate usually depends on the nature of the debtor's business. *See In re Wilson,* 33 B.R. 689 (Bankr.M.D.Ga.1983). As a general rule, books and records are sufficient if they permit the court and creditors to trace the debtor's financial dealings. *In re Waldroop,* 22 B.R. 284 (Bankr.D.N.M.1982).

■■ In the case at bar, it is claimed that the debtor's general ledger of her business activities between 1982–1987 has not been produced. In addition, it is also alleged that the debtor lost $1.2 million dollars between January 25, 1984 and February 26, 1987. If these allegations are true, it may well be that the debtor's existing books and records are inadequate to permit the trustee and the Court to reconstruct the debtor's financial history. The debtor's assertions that the trustee possesses other books and information which in sum are adequate to reconstruct the debtor's financial history and that her failure to maintain a general ledger was justified in the circumstances may well prove correct and obviate the plaintiff's complaint

under section 727(a)(3) of the Code. However, those assertions give rise to questions of fact which should be resolved at trial, not on a motion to dismiss.

### Count IV

 Count IV of the complaint is based on an alleged violation of section 727(a)(5) of the Code. Section 727(a)(5) of the Code provides that a debtor will be denied a discharge where "[T]he debtor [fails] to explain satisfactorily ... any loss of assets or deficiency of assets to meet the debtor's liabilities." Under this section of the Code, the plaintiff has the initial burden of identifying the assets in question by appropriate allegations in the complaint and showing that the debtor at one time had the assets but they are no longer available for the debtor's creditors. *In re Savel,* 29 B.R. 854 (Bankr.S.D.Fla.1983). Once the creditor has introduced some evidence of the disappearance of substantial assets, the burden shifts to the Debtor to explain satisfactorily the losses or deficiencies. *In re Martin,* 698 F.2d 883 (7th Cir.1983).

 What constitutes a "satisfactory" explanation is left to the discretion of the Court. *In re Baum,* 359 F.2d 811 (7th Cir.1966). The debtor's explanation must consist of more than "vague indefinite and uncorroborated hodgepodge of financial transactions." *Id.* at 814. *See also In re Delancey,* 58 B.R. 762, 769 (Bankr.S.D.N. Y.1986) and cases cited therein. Instead it must be a good faith explanation of what really happened to the assets in question. Mere generalities will not suffice. *In re Savel,* 29 B.R. 854 (Bankr.S.D.Fla.1983).

In the present case the Plaintiffs have set forth prima facie case under section 727(a)(5) of the Code. The Plaintiffs have alleged that the debtor's January, 1984 financial statement indicates that the debtor had a positive net worth of $836.000. The debtor's bankruptcy schedules and statement of affairs filed on April 1, 1987 indicate that the debtor had a negative net worth of $451.857. Thus, the debtor lost more than $1.2 million dollars in assets in the three years prior to her bankruptcy filing. Assuming the Plaintiffs' allegations to be true for purposes of this motion to dismiss, the burden shifts to the debtor to explain satisfactorily the dissipation of assets. Ordinarily this would give rise to questions of fact to be resolved at trial However, that is not the case here. In this case, the debtor does not propose to explain the losses. Instead she has asserted her right against self-incrimination and refused to answer any questions about her financial transactions.

 The Fifth Amendment's privilege against self incrimination may be asserted by a debtor in a bankruptcy proceeding. *In re Martin–Trigona,* 732 F.2d 170 (2d Cir.1984), *cert. denied,* 469 U.S. 859, 105 S.Ct. 191, 83 L.Ed.2d 124 (1984). Absent a grant of immunity, a debtor may properly assert his Fifth Amendment right and retain his right to be discharged. *Id.* at 173. *See also* 11 U.S.C. § 727(a)(6). *Cf.* 11 U.S.C. § 344. A claim of Fifth Amendment privilege is well taken where the witness can demonstrate any possibility of prosecution which is more than fanciful. *In re Folding Carton Antitrust Litigation,* 609 F.2d 867 (7th Cir.1979). *See also In re Connelly,* 59 B.R. 421 (Bankr.N.D.Ill. 1986). Moreover, it is the possibility of prosection, not the judge's assessment of the likelihood of such prosecution, which establishes a valid claim. *In re Corrugated Container Antitrust Litigation,* 661 F.2d 1145, 1150 (7th Cir.1981).

 The debtor alleges that prior to the first § 341 Creditors Meeting she was served with a grand jury subpoena from the Office of the State's Attorney of DuPage County. At the § 341 meeting the debtor responded to every question by asserting her Fifth Amendment privilege, except to identify herself and her signature on the petition. Where a court is faced with a blanket assertion of the Fifth Amendment privilege, it is usually incumbent upon the court to conduct an inquiry into the legitimacy and scope of such a claim. *U.S. v. Goodwin,* 625 F.2d 693 (5th Cir.1980). Generally the witness must have reasonable cause to apprehend danger of self-incrimination from direct answers to the specific questions posed. *Hoffman v.*

*U.S.*, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951). Reasonable cause exists where there is some nexus between the risk of criminal connection and the information requested. *See Martin–Trigona v. Gouletas*, 634 F.2d 354 (7th Cir.), *cert. denied*, 449 U.S. 1025, 101 S.Ct. 593, 66 L.Ed.2d 486 (1980); *In re Connelly*, 59 B.R. 421 (Bankr.N.D.Ill.1986).

There is little doubt in this case that the debtor's Fifth Amendment claim is well founded. The debtor left behind her a trail of unhappy clients who had given her substantial sums of money to build homes she apparently never finished. A number of those clients have filed nondischargeability complaints under section 523(c) of the Code as a result of those transactions. Apparently some of those same disgruntled clients have complained to the DuPage County State's Attorney. An investigation is underway. The implications for the debtor are clear and her right to assert a Fifth Amendment claim in these proceedings seems equally clear.

■ The problem is determining what her valid assertion of a Fifth Amendment privilege means in 11 U.S.C. § 727(a)(5) terms. Surprisingly, neither the parties, nor the Court on its own investigation, have found any caselaw on point. Clearly a debtor can assert a valid Fifth Amendment privilege under section 727(a)(6) of the Code and receive a discharge unless the debtor has been granted immunity. Under section 727(a)(6)(B) of the Code the debtor can hold out for either state or federal immunity without risking his/her discharge. *Cf.* 11 U.S.C. § 344.

The rights granted to a debtor under section 727(a)(6) would be meaningless if they were subject to forfeiture under section 727(a)(5) of the Code. "[W]here one section of the Bankruptcy Code specifically governs an issue, another section should not be interperted to cause an irreconcilable conflict." *In re Martinson*, 26 B.R. 648, 653 (D.N.D.1983), *citing Richards v. United States*, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1961). *See also In re Farmer*, 81 B.R. 857, 861 (Bankr.E.D.Pa.1988) and cases cited therein. The only analysis that makes sense is to read the two provisions together and read section 727(a)(5) of the Code in light of section 727(a)(6) of the Code. Congress intended to protect a debtor's right to protection against self incrimination without penalty in bankruptcy. This altered previous law. *See* House Report No. 95–595, 95th Cong., 1st Sess. 384 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 98 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. It clearly was an intentional policy decision by Congress. In light of that decision, the valid assertion of a Fifth Amendment privilege must constitute a satisfactory explanation under section 727(a)(5) of the Code. Accordingly, Plaintiffs have failed to state a cause of action under 11 U.S.C. § 727(a)(5) and Count IV must be dismissed.

## Conclusion

IT IS HEREBY ORDERED THAT debtor's motion to dismiss Counts I and III of the Plaintiffs' complaint is granted unless the Plaintiffs file an amended complaint under either or both of those counts within twenty-one days in accordance with this opinion.

IT IS FURTHER ORDERED that debtor's motion to dismiss Count II is denied because Count II presents a question of fact, the resolution of which may only be determined after a hearing on the merits.

IT IS FURTHER ORDERED that debtor's motion to dismiss Count IV is granted because the debtor may assert her Fifth Amendment privilege and receive a discharge.