See also 131 B.R. 774.

**In re Robert K. MARCECA, Debtor.**

**Chris SARANDON and Lisa Sarandon, Plaintiffs,**

**v.**

**Robert K. MARCECA, Defendants.**

**Bankruptcy No. 90 B 20782.**
**91 Adv. 6066.**

United States Bankruptcy Court,
S.D. New York.

Sept. 30, 1991.

Haythe & Curley, New York City, for Robert K. Marceca.

Blumenthal & Lynne, New York City, for Chris and Lisa Sarandon.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

DECISION ON MOTION TO DISMISS COMPLAINT AND CROSS–MOTION FOR LEAVE TO AMEND COMPLAINT

The Chapter 7 debtor, Robert K. Marceca, has moved to dismiss the complaint pursuant to Bankruptcy Rules 7012 and 7009 and Federal Rules of Civil Procedure 12(b)(6) and 9(b) for the plaintiffs' failure to state a claim upon which relief can be granted and failure to plead fraud with particularity. The plaintiffs have cross-moved pursuant to Bankruptcy Rule 7015 and Rule 15 of the Federal Rules of Civil Procedure for leave to amend their complaint to allege additional facts in support of the causes asserted in their complaint. The debtor objects to any amendment because the time for filing a claim objecting to a discharge has expired under Bankruptcy Rule 4004(a) and because the proposed amendment allegedly states a new ground for dischargeability.

THE COMPLAINT

By summons dated April 18, 1991, the plaintiffs, Chris and Lisa Sarandon, commenced an adversary proceeding against the debtor, who had previously filed his Chapter 7 case in this court on August 14, 1990.

The complaint alleges that the plaintiffs sued the debtor and two other parties in the New York Supreme Court and thereafter entered into a settlement agreement with the debtor. Under the settlement agreement, it is alleged that the debtor would use his best efforts to have Chris Sarandon released from any obligation under a promissory note to First City National Bank and Trust Company or the Federal Deposit Insurance Corporation made by Chris Sarandon and the debtor jointly. The settlement also provided that in the event the debtor is unable to obtain such release, he would indemnify Chris Sarandon and hold him harmless for any liability on the note.

Instead of asserting that the note was obtained by specific fraudulent representations made to them by the debtor, the plaintiffs simply incorporated by reference the state court complaint which asserted causes of action for false representations. The plaintiffs now propose to amend their complaint by asserting the specific representations made by the debtor which they claim give rise to a nondischargeable liability under 11 U.S.C. § 523(a)(2)(A).

More importantly, plaintiffs also seek to amend their complaint which alleges that the debtor knew he could not perform the

obligations imposed by the settlement agreement at the time of its execution and fraudulently withheld such fact from the plaintiffs. In view of the fact that a false representation with respect to a debtor's financial condition must be in writing pursuant to 11 U.S.C. § 523(a)(2)(B), the plaintiffs now wish to amend the complaint to assert that such alleged fraud was based upon a written statement reflecting the debtor's financial condition.

The complaint also seeks to have the debtor's obligations under the note excepted from discharge for fraud or defalcation while acting in a fiduciary capacity under 11 U.S.C. § 523(a)(4). The complaint merely paraphrases 11 U.S.C. § 523(a)(4) and does not plead this claim with specificity as required under Federal Rule of Civil Procedure 9(b).

## DISCUSSION

■ As to the plaintiffs' claim bottomed on 11 U.S.C. § 523(a)(2)(A), dealing with false pretenses and false representations, the first amended complaint is insufficient because it relies on the facts contained in the state court complaint annexed as an exhibit. The proposed amended complaint attempts to particularize these facts in paragraphs 16 through 23. However, the debtor objects to the plaintiffs' attempt to cure the fraud allegations with respect to the debtor's financial ability to perform under the settlement agreement by alleging that the fraud was premised on a false statement in writing reflecting the debtor's financial condition which was transmitted to the plaintiffs in March of 1990. The debtor argues that the plaintiffs are attempting to assert a new claim under 11 U.S.C. § 523(a)(2)(B) after the bar date imposed under Bankruptcy Rule 4004(a).

■ In its present posture, the complaint is insufficient in that the allegation as to the fraudulent representation as to the debtor's financial condition to perform the obligations he assumed under the settlement agreement does not satisfy the written documentation required under 11 U.S.C. § 523(a)(2)(B). Accordingly, the debtor's motion to strike this claim should be granted. However, Rule 15 of the Federal Rules of Civil Procedure, as incorporated in Bankruptcy Rule 7015, provides that the court should grant leave to amend "freely ... when justice so requires." Bankr.R. 7015(a). The decision to grant leave to amend is within the discretion of the court, but refusal to grant leave must be based on a valid ground. *Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir.1991); *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir.1990) (quoting 2A Moore's Federal Practice ¶ 12.14 at 12–99 (2d ed. 1989)).

■ In the instant case, the plaintiffs have improperly asserted a cause for fraudulent misrepresentations regarding the debtor's financial condition without alleging that the fraudulent representations were in writing. There will be no prejudice to the debtor by allowing the plaintiffs to amend their complaint so as to cure their failure to allege that the financial representations were in writing as required by 11 U.S.C. § 523(a)(2)(B). The plaintiffs are simply amplifying and curing the improperly pleaded claim.

■ The debtor's motion addressed to the charges in paragraph 14 of the complaint relating to fiduciary fraud and defalcation under 11 U.S.C. § 523(a)(4) is well-grounded. The complaint does not set forth the facts underlying a fiduciary relationship between the debtor and the plaintiffs nor does it specify the alleged fraud as required by Rule 9(b) of the Federal Rules of Civil Procedure. Allegations of fraud require a particularization of the circumstances constituting such fraud. *In re Jenkin* 83 B.R. 733, 734–35 (9th Cir. BAP 1988); *In re Marceca*, 127 B.R. 328, 332 (Bankr.S.D.N.Y.1991); *In re Zell*, 108 B.R. 615, 624 (Bankr.S.D.Ohio 1989); *In re Potter*, 88 B.R. 843, 847 (Bankr.N.D.Ill.1988). Therefore, the allegations bottomed on 11 U.S.C. § 523(a)(4) must be dismissed without prejudice to the plaintiffs curing the defect by an appropriate amendment.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28

U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(J).

2. The debtor's motion to dismiss the allegations in the complaint with respect to the alleged fraudulent representations as to the debtor's financial condition, as required by 11 U.S.C. § 523(a)(2)(B), and the assertions regarding fiduciary fraud or defalcation, as proscribed under 11 U.S.C. § 523(a)(4) are granted, without prejudice to a proper amendment of the complaint by the plaintiffs within ten days from the entry of the order herein.

3. In amending their complaint, the plaintiffs shall *separately* state and particularize the essential facts with respect to each of the three sections involved, namely sections 523(a)(2), 523(a)(2)(B) and 523(a)(4). The allegations with respect to each section shall be numbered separately and not jumbled together, followed by references to the three sections as they now appear in the complaint. The proposed amended complaint does not satisfy these requirements.

SETTLE ORDER on notice.