208 B.R. 255 (1997)
In re Albert J. BRIEN.
Liza Cutler EHLE, Carolyn Ehle, Heidi (Ann Hyde) Ehle, Andrienne Hart Blackmer, Plaintiffs/Appellants,
v.
Albert J. BRIEN, Defendant/Appellee.
BAP No. MW 96-073.
United States Bankruptcy Appellate Panel of the First Circuit.
May 14, 1997.
*256 Paul A. Rinden, Concord, NH, was on brief, for plaintiffs/appellants.
Michael B. Feinman with whom Jeffrey J. Cymrot, Andover, MA, were on brief, for defendant/appellee.
Before VOTOLATO, GOODMAN and HAINES, Bankruptcy Judges.
PER CURIAM
Liza Cutler Ehle, et al., ("Appellants") appeal from an order of the Bankruptcy Court granting Albert J. Brien's ("Debtor") motion to dismiss Appellants' complaint objecting to Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(A) and (a)(5).[1] This Court has jurisdiction pursuant to 28 U.S.C. § 158.

BACKGROUND
On July 2, 1996, Debtor filed for relief under Chapter 7 of the Bankruptcy Code. On October 7, 1996, Appellants timely filed an *257 adversary complaint seeking denial of Debtor's discharge pursuant to 11 U.S.C. § 727(a). Specifically, Appellants allege that Debtor should be denied a discharge because he (1) made a false oath, 11 U.S.C. § 727(a)(4), regarding his ownership interest in certain real estate in Kingston, New Hampshire, and (2) failed to satisfactorily explain the loss or deficiency of that asset, 11 U.S.C. § 727(a)(5). Debtor answered the complaint and filed a motion to dismiss, pursuant to Fed. R. Bankr.P. 7012(b) and Fed. R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. The Bankruptcy Court held a hearing on November 27, 1996 wherein Debtor's motion was granted. This appeal ensued.

STANDARD OF REVIEW
The granting of a motion to dismiss for failure to state a claim is a conclusion of law which an appellate court reviews de novo. Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 17 (1st Cir.1992); In re Aboukhater, 165 B.R. 904, 908 (9th Cir.BAP1994). The allegations in the complaint are accepted as true, Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232-33, 81 L.Ed.2d 59 (1984); Garita Hotel Ltd. Partnership, 958 F.2d at 17, and all reasonable inferences are drawn in favor of the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); Garita Hotel Ltd. Partnership, 958 F.2d at 17. Dismissal is appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Garita Hotel Ltd. Partnership, 958 F.2d at 17.

DISCUSSION
A complaint must set forth a claim for relief with "a short and plain statement of the claim showing that the pleader is entitled to relief" Fed. R. Bankr.P. 7008; Fed. R.Civ.P. 8(a). With respect to allegations of fraud, however, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Bankr.P. 7009; Fed. R.Civ.P. 9(b).
Appellants' complaint alleges two counts under which Debtor should be denied a discharge. The first count alleges:
Pursuant to 11 U.S.C. 727(a)(4)(A) Debtor has knowingly and fraudulently, in or in connection with the case made a false oath or account by claiming that he has no interest in real estate at 19 Marshall Road, Kingston, New Hampshire as an asset of his estate in his Bankruptcy Petition. Such ownership had already been established by decision of the New Hampshire Superior Court on March 7, 1996.
Compl. ¶ 3. Appellants, in defending this appeal, briefed and argued the facts surrounding the State Court determination that Debtor had an equitable ownership interest in the property and that Debtor made a false oath by disclosing his interest in the property in his bankruptcy petition as "disputed." Appellants asserted that the bankruptcy petition is signed under penalties of perjury and even though the State Court judgment was pending on appeal, Debtor knowingly and fraudulently disclosed his interest in the property as disputed, a characterization Appellants contend is a bald denial of any ownership interest.
Section 727(a)(4)(A) sounds in fraud and, therefore, is governed by the specificity requirement of Fed. R. Bankr.P. 7009. The complaint merely states, in conclusory fashion, that Debtor made a false oath by "claiming that he has no interest" in the New Hampshire real estate. It does not identify where or how the statement was made. Appellants' assertion of additional facts during oral argument and in briefing cannot rectify the complaint's fundamental deficiency. The allegations contained in this count of the complaint failed to give adequate notice of Appellants' claim and dismissal was appropriate. Riumbau v. Colodner (In re Colodner), 147 B.R. 90, 94 (Bankr.S.D.N.Y.1992); Olson v. Potter (In re Potter), 88 B.R. 843, 847 (Bankr.N.D.Ill.1988) (merely parroting the statute verbatim is not sufficient for a claim of fraud). Moreover, we have considered carefully the additional points argued by Appellants and are satisfied that, even if they *258 could be considered in this procedural posture, they would not save the complaint.[2]
The second count of the complaint alleges that "[p]ursuant to 11 U.S.C. 727(a)(5), by merely stating that his ownership interest in the property is disputed, debtor has failed to explain satisfactorily the deficiency of such asset to meet his liabilities." Compl. ¶ 5. Section 727(a)(5) does not contain an element of fraud and, therefore, is governed by the notice requirement of Fed. R. Bankr.P. 7008. Under § 727(a)(5),
the plaintiff has the initial burden of identifying the assets in question by appropriate allegations in the complaint and showing that the debtor at one time had the assets but they are no longer available for the debtor's creditors. . . . Once the creditor has introduced some evidence of the disappearance of substantial assets, the burden shifts to the Debtor to explain satisfactorily the losses or deficiencies.
In re Potter, 88 B.R. at 849 (citation omitted). See also In re Colodner, 147 B.R. at 94 ("creditor must allege and prove that the debtor no longer has assets which the debtor previously owned and that the debtor has failed to explain the loss"). Again, Appellants have not met their burden because they have not alleged any facts demonstrating that Debtor ever owned the property except to state that the State Court had made a determination that Debtor did have an equitable ownership interest in the property, which determination was pending on appeal when Debtor filed for bankruptcy protection. Nor have Appellants alleged how the property disappeared so that it was no longer available for creditors. As with Count I, setting forth additional facts outside of the complaint to establish a claim for relief does not save the complaint from fundamental deficiencies. Here, too, the complaint failed to give adequate notice of Appellants' claim and the Bankruptcy Court appropriately dismissed this count of the complaint.
The order of the Bankruptcy Court dismissing Appellants' complaint is AFFIRMED.
NOTES
[1] Section 727(a) provides, in pertinent part:

(a) The court shall grant the debtor a discharge, unless  . . .
(4) the debtor knowingly and fraudulently, in or in connection with the case
(A) made a false oath or account; . . .
(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities[.]
11 U.S.C. § 727(a)(4), (5).
[2] Reference to the schedules, Appellants' App. at 3, the parties' pretrial stipulations, Appellants' App. at 63-71, and § 341 testimony, Appellants' Br. at 5-6, only confirms that Debtor's alleged fraudulent statements are more properly characterized as a simple refusal to accept Appellants' view of their ongoing dispute regarding the extent and character of Debtor's interest in the New Hampshire real estate.