In re Hans Detlef MEFFERT, Debtor.

Migoscha, S.A., Plaintiff,

v.

Hans Detlef Meffert, Defendant.

Bankruptcy No. 97 B 47095(SMB).
Adversary No. 98/8187A.

United States Bankruptcy Court,
S.D. New York.

Oct. 14, 1998.

Feltman, Karesh, Major & Farbman, LLP, New York City, Jerome Kowalski, of counsel, for plaintiff.

Todtman, Nachamie, Spizz & Johns, P.C., New York City, Scott S. Markowitz, of counsel, for defendant.

## MEMORANDUM DECISION AND ORDER DENYING MOTION TO APPROVE SETTLEMENT AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY THE COMPLAINT SHOULD NOT BE DISMISSED

STUART M. BERNSTEIN, Bankruptcy Judge.

The debtor asks me to approve a settlement pursuant to which he will pay a creditor to withdraw an objection to his discharge. According to the debtor, the objection lacks merit, but the expense of defending it will exceed the cost of settling it. Because withdrawal of the objection will not result in the debtor's discharge under our local bankruptcy rules, I must deny the motion. However, for the reasons discussed below, I direct the plaintiff in this adversary proceeding to show cause why its complaint should not be dismissed. Alternatively, the plaintiff may file an amended complaint.

### BACKGROUND

The allegations in this adversary proceeding concern the transactions between the plaintiff and Fashion Showroom, Inc. ("FSI"), a corporation allegedly owned and controlled by the defendant. According to the complaint, the debtor fraudulently induced the plaintiff to hire FSI as it's exclusive sales representative in March 1996. Through this and a pattern of continuing fraud, the debtor induced the plaintiff to deliver to FSI goods worth in excess of $230,000.00, and to forbear from collecting the resulting debt. The complaint further states that the debtor used the proceeds of the sales of FSI's goods for the benefit of FSI, himself and his companion.

Although these allegations might support a determination of nondischargeability under 11 U.S.C. § 523(a), the plaintiff's counsel chose a different route. After the debtor filed this case on October 27, 1997, the plaintiff sought and received an extension of time to object to his discharge under 11 U.S.C. § 727, but never sought a corresponding extension to assert a section 523(a) claim. Accordingly, all section 523(a) claims are time-barred.

On or about February 26, 1998, the plaintiff filed this timely complaint purporting to object to the debtor's discharge pursuant to section 727(a). The complaint contains two counts. The first alleges, "upon information and belief, [that] the Debtor has failed to identify assets [in his Schedules and Statement of Financial Affairs] that he has retained in Germany," and has also "failed to identify certain assets of FSI that he has arrogated to his own use and benefit." (Complaint at ¶ 13.)

As a result, and "pursuant to 11 U.S.C. § 727(a)(4)(A), Plaintiff requests an order of the Court denying the Debtor a discharge." (*Id.* at ¶ 14.) The second claim rehashes the fraud claim, discussed above, in substantial detail. It concludes that the debtor "concealed, destroyed, mutilated and failed to preserve the information" relating to the transactions between the plaintiff and FSI, (*id.* at ¶ 32), and "failed to keep adequate records of FSI in order to conceal the conduct" described in the complaint. (*Id.* at ¶ 34.) The *ad damnum* clause requests an order declaring the nondischargeability of all of the debtor's debts, or alternatively, of his debt owing to the plaintiff.

The parties have entered into a settlement agreement that they now ask me to approve.[1] Under the settlement, the debtor agrees to make monthly payments to the plaintiff aggregating $15,000.00 over two years. (*Motion to Approve Settlement of Adversary Proceeding,* dated Sept. 23, 1998, at ¶ 9(a), (b).) If the debtor defaults, he agrees that the plaintiff will hold a nondischargeable judgment in the sum of $30,000.00. (*Id.* at ¶ 9(c).) The application acknowledges the policy against the settlement of section 727 actions, (*id.* at ¶ 15), states that the adversary proceeding is a disguised section 523 action and does not allege any section 727 claims, (*id.* at ¶ 16), and that the Court can condition the dismissal of the complaint on the approval of certain interested parties, or on their right to intervene. (*Id.* at ¶ 17.) Nevertheless, "the costs associated with continuing the Adversary Proceeding are not justified considering the dollar amount of the settlement." (*Id.* at ¶ 14.)

## DISCUSSION

■ Public policy favors the discharge of the honest debtor, but disfavors the discharge of the dishonest one. *See Tindall v. Mavrode (In re Mavrode),* 205 B.R. 716, 720 (Bankr.D.N.J.1997). As a result, objections to discharge cannot be settled in the same manner as other litigation. Where an objection has been lodged, the discharge "is not a proper subject for negotiation and the exchange of a *quid pro quo.*" *State Bank of India v. Chalasani (In re Chalasani),* 92 F.3d 1300, 1310 (2d Cir.1996). Thus, there should be no " 'taint of compromise' involved in the dismissal of a § 727 action." *Id.* To further this policy, Fed.R.Bankr.P. 7041 provides that the court may not dismiss a complaint objecting to the debtor's discharge without notice to the chapter 7 trustee, the United States Trustee and other persons as the court may direct.[2] In addition, the court may include in its dismissal order terms and conditions it deems proper. Rule 7041 allows the court to ensure that the dismissal was not obtained improperly, and also allows the trustee and creditors to oppose dismissal. *In re Chalasani,* 92 F.3d at 1310.

■ Neither the policy against settlement nor Rule 7041 presents the major obstacle to this application; our local bankruptcy rules do. Even if I conclude that the settlement is reasonable and authorize the plaintiff to withdraw its objection, the debtor still cannot get a discharge in light of Local Bankruptcy Rule 4007–2(a) which states:

> In the event of the withdrawal of a complaint objecting to discharge or failure to prosecute an adversary proceeding objecting to discharge, no discharge shall be granted unless the debtor shall make and file an affidavit and the debtor's attorney shall make and file a certi-

---

1. The debtor has served the settlement application on all parties in interest, including the chapter 7 trustee, and no one has objected.

2. Bankruptcy Rule 7041 states:
   Rule 41 F.R.Civ.P. applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

fication that no consideration has been promised or given, directly or indirectly, for the withdrawal or failure to prosecute.

Under Rule 4007–2(a), no discharge shall issue—even if the objection is withdrawn—unless the debtor swears and his attorney certifies that the debtor has not promised or paid any consideration for the withdrawal of the complaint.[3] The debtor and his counsel have already certified in the application that the payments are the *quid pro quo* for the dismissal of the objection to discharge, and hence, cannot deliver the required assurances under the local rule. Although the debtor apparently assumes that a discharge will issue as a logical consequence of the dismissal of the adversary proceeding, Local Rule 4007–2 unambiguously precludes his discharge. The debtor did not bargain for this result, and the settlement makes no sense.

■ Nevertheless, there is merit to the debtor's contention that the complaint fails to state section 727 claims. The first claim purports to allege a violation of 11 U.S.C. § 727(a)(4)(A), *i.e.*, the debtor lied in his Schedules and Statement of Financial Affairs. Section 727(a)(4)(A) requires an objector to plead and prove that the debtor "knowingly and fraudulently" made a false oath or account.[4] The mere failure to list assets does not support an objection to discharge. The first claim does not allege *scienter*.

■ In addition, objections based on section 727(a)(4)(A) sound in fraud, and must comply with the special pleading requirements contained in Fed.R.Civ.P. 9(b)[5], made applicable by Fed.R.Bankr.P.

7009. *Ehle v. Brien (In re Brien)*, 208 B.R. 255, 257 (1st Cir. BAP 1997); *Rieser v. Humphrey (In re Humphrey)*, 146 B.R. 202, 205 (Bankr.S.D.Ohio 1992); *Olson v. Potter (In re Potter)*, 88 B.R. 843, 848 (Bankr.N.D.Ill.1988). Rule 9(b) is designed to provide a defendant with fair notice of the plaintiff's claim, safeguard the defendant's reputation from improvident charges of wrongdoing and protect against strike suits. *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir.1997); *O'Brien v. National Property Analysts Partners*, 936 F.2d 674, 676 (2d Cir.1991); *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987); *Segal v. Gordon*, 467 F.2d 602, 607 (2d Cir.1972). A pleader cannot allege fraud based upon information and belief unless the facts are peculiarly within the opposing party's knowledge, and even then, the pleader must allege the facts upon which his belief is based. *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d at 664; *Schlick v. Penn–Dixie Cement Corp.*, 507 F.2d 374, 379 (2d Cir.1974), *cert. denied*, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975); *Segal v. Gordon*, 467 F.2d at 608.

■ The first claim runs afoul of Rule 9(b). First, it is alleged upon information and belief, but does not state the basis of the plaintiff's belief. Second, it fails to disclose what assets have been concealed from the bankruptcy filings. *See Demas v. Demas (In re Demas)*, 150 B.R. 323, 328 (Bankr.S.D.N.Y.1993). Third, the allegations parrot the statute. Merely quoting or paraphrasing the statutory language fails to satisfy the particularity require-

---

**3.** If the complaint also included a section 523 claim, and there was no basis to deny a general discharge, the debtor and his attorney could honestly say that the debtor was paying for the dismissal of the section 523 claim, and the section 727 claim was being dismissed because it lacked merit. Here, however, there is no section 523 claim to settle.

**4.** Section 727(a)(4)(A) denies a discharge if "the debtor knowingly and fraudulently, in or

in connection with the case . . . made a false oath or account."

**5.** Rule 9(b) states:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

ments of Rule 9(b). *In re Hart,* 461 F.Supp. 328, 329–30 (E.D.Ark.1978); *In re Potter,* 88 B.R. at 847; *Hassett v. Zimmerman (In re O.P.M. Leasing Servs., Inc.),* 32 B.R. 199, 204 (Bankr.S.D.N.Y.1983).

One may also question the legal sufficiency of the second claim. It describes in detail the fraud perpetrated on the plaintiff, and arguably states a claim under 11 U.S.C. § 523(a)(2), but the nondischargeability claim is time-barred.[6] The second claim also summarily alleges that the debtor "concealed, destroyed, mutilated and failed to preserve the information pertaining to the transactions and occurrences hereinabove described and the information of FSI," (Complaint at ¶ 32), and "failed to keep adequate records of FSI in order to conceal the conduct hereinabove described." (*Id.* at ¶ 34.)

■ The allegations at the end of the second claim track the language in 11 U.S.C. § 727(a)(3) which denies a discharge if

the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, *from which the debtor's financial condition or business transactions might be ascertained,* unless such act or failure to act was justified under all of the circumstances of the case.

(Emphasis added.) This provision is not based on fraud, and hence, the allegations of the claim need not meet the specificity requirements of Rule 9(b). Instead, the plaintiff must satisfy the more general notice requirement of Fed.R.Civ.P. 8(a)[7]. *State v. Volpert (In re Volpert),* 175 B.R. 247, 265 (Bankr.N.D.Ill.1994); *In re Humphrey,* 146 B.R. at 204–205; *In re Potter,* 88 B.R. at 848.

■ As with claims involving fraud, the pleader does not satisfy Rule 8(a) merely by reciting the statutory language of section 727(a)(3). *Kubick v. FDIC (In re Kubick),* 171 B.R. 658, 660 (9th Cir. BAP 1994); *In re Jenkin,* 83 B.R. 733, 735 (9th Cir. BAP 1987); *May v. Baker (In re Baker),* 66 B.R. 652, 655 (Bankr.D.Nev. 1986); *Huntington Nat'l Bank v. Schwartzman (In re Schwartzman),* 63 B.R. 348, 359 (Bankr.S.D.Ohio 1986). Instead, the complaint must apprise the debtor of the claims against him, *In re Schwartzman,* 63 B.R. at 356; *see In re Baker,* 66 B.R. at 655, and allow him to prepare a defense. *In re Jenkin,* 83 B.R. at 735.

The second claim arguably fails to meet this criteria. First, the pertinent allegations track the statutory language, and fail to apprise the debtor of precisely what records he has failed to keep, mutilated or concealed. Next, the second claim alleges acts and omissions regarding the records of FSI, not the debtor. As the emphasized language quoted above indicates, the records in question must shed light on the debtor's financial condition or business transactions.

## CONCLUSION

The motion to approve the settlement is denied. The plaintiff is required to show cause, within twenty days of the date of this memorandum decision, why the complaint should not be dismissed for failure to state a claim upon which relief may be granted, and why the first claim should not be dismissed upon the additional ground that it fails to satisfy the pleading requirements of Fed.R.Civ.P. 9(b). Alternatively, the plaintiff may file an amended complaint. If the plaintiff does neither, the debtor may, at the end of the twenty day

---

**6.** The *ad damnum* clause nevertheless includes the alternative request that the plaintiff's own claim be declared nondischargeable. The plaintiff has not squared this with its failure to seek an extension under Fed. R.Bankr.R. 4007.

**7.** Rule 8(a) states, in pertinent part, that a pleading "shall contain … a short and plain statement of the claim showing that the pleader is entitled to relief."

period, settle a proposed order dismissing the complaint.

So ordered.