In re Christopher P. **FEKOS**, Debtor.

**MELLON BANK, N.A., Movant,**

v.

Christopher P. **FEKOS, Respondent.**

**In re CHRISTOS PAINTING
& CONTRACTING COR-
PORATION, Debtor.**

**MELLON BANK, N.A., Movant,**

v.

**CHRISTOS PAINTING & CONTRACT-
ING CORPORATION, Respondent.**

**Bankruptcy Nos. 90–3314–
BM, 90–3315–BM.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Oct. 29, 1992.

John R. O'Keefe, Kincaid, McGrath & O'Keefe, P.C., Pittsburgh, PA, for Mellon Bank, N.A.

Robert S. Bernstein, Bernstein & Bernstein, P.C., Pittsburgh, PA, for debtor.

J. Alan Johnson, Swenson, Perer & Johnson, Pittsburgh, PA, for debtor/Christopher P. Fekos.

Mary Reitmeyer, Pittsburgh, PA, Chapter 7 Trustee.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Debtor Christopher P. Fekos has invoked the Fifth Amendment privilege against self-incrimination and has refused to answer questions pertaining to the above bankruptcy cases which were posed by Mellon Bank, N.A. ("Mellon") at an examination conducted pursuant to Bankruptcy Rule 2004.

Motions by Mellon to dismiss the above cases are now before the court. According to Mellon, the refusal to answer questions at a Rule 2004 deposition in and of itself constitutes cause for dismissal pursuant to 11 U.S.C. § 707(a).

Debtors oppose the motions and aver that utilization of rights guaranteed by the Constitution are not and cannot be a basis for dismissal of the bankruptcy petitions.

For the reasons hereinafter set forth, Mellon's motions will be denied.

### I

### FACTS

Debtor Christopher P. Fekos filed a voluntary chapter 7 petition at Bankruptcy No. 90-3314-BM on October 24, 1990. Schedule A-2, Creditors Holding Security, listed Mellon as a secured creditor holding a judgment against Fekos in the amount of $2,320,548.00. Schedule A-3, Unsecured Creditors Without Priority, listed several unsecured debts owed to Mellon totalling approximately $26,000.00.

Also on October 24, 1990, Christos Painting & Contracting Corporation ("Christos Painting") filed a voluntary chapter 7 petition at Bankruptcy No. 90-3315-BM. The petition indicates that Christos Painting is owned and controlled by Christopher P.

Fekos, debtor in the other case. Schedule A-2 listed Mellon as a secured creditor holding a judgment in the amount of $2,320,548.00. The judgment appears to be the same as that listed on Schedule A-2 of Fekos' petition.

On October 30, 1990, the same trustee was appointed in both cases.

On October 16, 1991, Mellon served notice in both cases of its intent to conduct an examination of Christopher P. Fekos pursuant to Bankruptcy Rule 2004. The examination was scheduled for November 11, 1991.

On November 8, 1991, debtors filed a motion for leave to file under seal a motion for protective order. An order was issued after hearing on December 10, 1991 granting debtors leave to file under seal a motion for protective order, which they promptly did on December 12, 1991.

An order was issued after hearing on February 13, 1992. The court found that debtors' concerns were unfounded and denied their motion for protective order.

On August 13, 1992, Fekos appeared for examination at the offices of Mellon's counsel. Upon advice of his counsel, Fekos invoked the Fifth Amendment privilege against self-incrimination and refused to answer questions posed by Mellon.

Mellon responded by filing motions to dismiss which are before the court at this time. A hearing was held on the motions on September 29, 1992.

### II

### ANALYSIS

The issue before the court is whether Fekos' refusal to answer questions at the above examination constitutes cause for dismissing the above bankruptcy cases pursuant to 11 U.S.C. § 707(a). Mellon has not questioned whether Fekos' reliance upon the Fifth Amendment privilege against self-incrimination in refusing to answer the questions posed was proper. Mellon is apparently satisfied, as is the court, that there presently is an on-going investigation by the proper officers of the United

States of America into potential criminal activities of debtors. Accordingly, that very substantial issue need not be addressed.

Section 707 of the Bankruptcy Code provides in pertinent part:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees or charges required under chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

The specific causes listed above are merely illustrative, not exhaustive. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 94 (1978) U.S.Code Cong. & Admin.News 1978, pp. 5787, 5880, 5963, 6336. Other conduct by debtors may constitute cause to dismiss.

Mellon's assertion that Fekos willfully disobeyed a lawful order of this court in refusing to answer questions at the Rule 2004 examination and that said refusal constitutes cause for dismissal is without merit.

Bankruptcy Rule 2004 provides in pertinent part as follows:

(a) **Examination on Motion.** On motion of any party in interest, the court may order the examination of any entity.

(b) **Scope of Examination.** The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge....

At no time did this court direct Fekos, without regard to any constitutional rights or privileges he may have, to answer any and all questions posed by Mellon at the 2004 examination. The order of February 13, 1992 which denied debtors' motion for protective order expressly required his attendance and a good faith attempt at compliance with the spirit of the Bankruptcy Code and Rules. We certainly did not intend to strip the debtor of rights guaranteed by the Constitution. Obviously no court in this free society has that authority.

The matter does not end there, however. A bankruptcy case may be dismissed when the trustee is unable to administer the estate. *See In re 30 Hilltop Street Corp.*, 42 B.R. 517 (Bankr.D.Mass. 1984) (insufficient funds for trustee to operate nursing home); *In re Import Toy Sales*, 41 B.R. 784 (Bankr.S.D.Fla.1984) (inability of corporate debtor to appear for examination due to hospitalization of principal officer of debtor); *In re Charles George Land Reclamation Trust*, 30 B.R. 918 (Bankr.D.Mass.1983) (hazardous waste facility a threat to public safety).

Some courts have extended the application of this principle and have held that a case may be dismissed without prejudice pursuant to Section 707(a) when the trustee is unable to administer the estate because of the debtor's refusal to provide information, *even when the refusal is properly based on the Fifth Amendment privilege against self-incrimination. See In re Connelly*, 59 B.R. 421, 447–48 (Bankr. N.D.Ill.1986); *In re Moses*, 792 F.Supp. 529, 532–38 (E.D.Mich.1992).

These latter cases are not without their problems. The United States Supreme Court has held in several cases that an individual may not be *punished* for properly invoking the Fifth Amendment privilege against self-incrimination. *See, e.g., Lefkowitz v. Cunningham*, 431 U.S. 801, 805–06, 97 S.Ct. 2132, 2135–36, 53 L.Ed.2d 1 (1977). The question remains whether dismissal of a bankruptcy case without prejudice when a debtor has properly invoked the Fifth Amendment amounts to a "sub-

stantial penalty" of the sort proscribed by *Lefkowitz*.

It is not necessary for this court to decide this latter issue in order for it to resolve Mellon's motions to dismiss. There has been no showing that the refusal to answer the questions posed by Mellon at the Rule 2004 examination has made it impossible for the trustee to administer debtors' estates. Absent such a showing, this court need not determine whether dismissal without prejudice pursuant to § 707(a) comports with *Lefkowitz*.[1]

Mellon has not even specified the questions Fekos has refused to answer, let alone explained how his refusal to answer them has made it impossible for these bankruptcy estates to be administered. As a consequence, its motion to dismiss must be denied.

---

1. The present case is clearly distinguishable in this regard from *In re Moses,* where the trustee *acknowledged* that he was unable to administer the bankruptcy estate because of debtor's refus-al to provide certain information. 792 F.Supp. at 530. The trustee in the above cases has made no such assertion.