**In re Douglas PEKLO, Debtor.**

**Bankruptcy No. 96–21681.**

United States Bankruptcy Court,
D. Connecticut.

Sept. 20, 1996.

---

Martin W. Hoffman, Hartford, CT, for Chapter 7 Trustee.

Carl T. Holt, Wilton, CT, for Debtor.

Leah Cohen Chatinover, Esther D. Miller, Federal Deposit Insurance Corporation, Northeast Service Center, Legal Division, East Hartford, CT.

## RULING AND ORDER ON TRUSTEE'S MOTION TO DISMISS CHAPTER 7 CASE

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

## I.

### ISSUE

Pursuant to Bankruptcy Code § 707(a)(1)[1] , the Trustee filed a motion to dismiss the debtor's Chapter 7 case. At issue is whether the debtor's invocation of his Fifth Amendment privilege against self-incrimination and refusal to answer any questions at the creditors' meeting constitute cause for dismissal. The matter has been submitted to the court on affidavit and memoranda of the appearing parties, from which the following background is derived.

## II.

### BACKGROUND

Douglas Peklo, the debtor ("Debtor"), on May 17, 1996, filed a Chapter 7 petition. On June 10, 1996, he filed his schedules of assets and liabilities indicating that he possessed nominal assets and owed debts totalling $4,089,201.[2] His statement of financial affairs disclosed that his income was $50,000 during 1995 and $60,000 during 1994. A creditors' meeting was held, pursuant to Code § 341(a), on June 17, 1996. Aside from disclosing his name, the Debtor pleaded the Fifth Amendment of the U.S. Constitution to all questions posed by Martin W. Hoffman, the Chapter 7 trustee ("Trustee"). These questions included: (1) was the Debtor the beneficiary of anyone who had died, (2) had the Debtor made any transfers, and (3) was the information in the Debtor's schedules true and accurate.

The Federal Deposit Insurance Corporation ("FDIC") appeared both at the creditors' meeting and at the hearing on the Trustee's motion to dismiss, and has submitted an affidavit and memorandum in support of the Trustee's motion. In the affidavit, an officer of the FDIC avers that the Debtor, a former FDIC employee, conspired with others to transfer $4 million of FDIC property without consideration; that the FDIC brought suit against the Debtor on or about October 20, 1995 in the U.S. District Court for the District of New Jersey where the District Court has enjoined the Debtor from transferring assets; that the FDIC believes that the Debtor has violated the District Court order by failing to disclose assets and by transferring assets; that the Debtor's refusal to answer questions leaves the FDIC and the

---

1. Section 707(a) provides:
   (a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
       (1) unreasonable delay by the debtor that is prejudicial to creditors;
       (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
       (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only a motion by the United States trustee.
   11 U.S.C. § 707(a).

2. The Debtor listed the Federal Deposit Insurance Corporation with a "fixed and liquidated claim" of $4 million.

Trustee unable to resolve contradicting information regarding the Debtor's assets; and that the Trustee, accordingly, is unable to properly administer the Debtor's case.

The Trustee's motion alleges that the "Trustee is unable to effectively and adequately administer the bankruptcy estate due to the Debtor's failure to disclose information." Motion to Dismiss ¶ 3. The Trustee requests that the Debtor's voluntary case be dismissed.

The Debtor denies that the Trustee is unable to effectively and adequately administer the estate, since the Trustee has not made a showing that information about the Debtor is not available from other sources. The Debtor further contends that the dismissal of the case is an impermissible penalty for the Debtor's proper invocation of his rights under the Fifth Amendment, citing *Lefkowitz v. Cunningham*, 431 U.S. 801, 97 S.Ct. 2132, 53 L.Ed.2d 1 (1977) (Individual may not be punished for invoking the Fifth Amendment privilege against self-incrimination).

### III.

### *DISCUSSION*

Section 707(a) provides that "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause." The statute lists three justifications for dismissal, but the legislative history specifically notes that "[t]hese causes are not exhaustive, but merely illustrative." H.R.Rep. No. 595, 95th Cong. 1st Sess.1977 at 380 U.S.Code Cong. & Admin.News 1978 pp. 5963, 6336.

■ To establish cause, the bankruptcy court must balance the equities and consider the benefit and prejudice of dismissal, such as loss of assets to creditors. *See In re Marra*, 179 B.R. 782, 785 (M.D.Pa.1995) (Section 707(a) does not contain exclusive list of factors to consider when determining whether cause to dismiss exists); *In re Joseph Balfour Schwartz*, 58 B.R. 923, 925 (Bankr. S.D.N.Y.1986) (creditors "are generally not prejudiced by dismissal since they will no longer be stayed from resorting to the state courts to enforce and realize upon their claims").

The Trustee and the FDIC primarily rely upon two rulings which hold that a debtor's refusal to provide information may constitute cause for dismissal under § 707(a), even if such refusal was based upon a validly asserted Fifth Amendment privilege, if such failure precluded fair and effective administration of the debtor's estate. *See In re Moses*, 792 F.Supp. 529 (E.D.Mich.1992); *In re Connelly*, 59 B.R. 421 (Bankr.N.D.Ill.1986).

■ In *In re Moses, supra*, the district court concluded that since § 521(3) requires the Debtor to "cooperate with the Trustee as necessary to enable the Trustee to perform the Trustee's duties under this title", and § 343 requires "the debtor to appear and submit to examination under oath at the meeting of creditors, ... it is reasonable to assume that dismissal may be premised on the failure of a debtor to perform his duties." 792 F.Supp. at 531. That court, relying upon *Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976), determined that dismissal was not an impermissible punishment for a valid invocation of the Fifth Amendment. *Id.* at 536. *Baxter* permits, in a civil case, an inference to be drawn from a party's refusal to testify without violating the *Lefkowitz* doctrine. 425 U.S. at 318, 96 S.Ct. at 1558. Thus, if the bankruptcy court can conclude that a debtor's refusal to testify precludes a fair and effective administration of the debtor's estate, the court can dismiss without prejudice the debtor's bankruptcy petition. 792 F.Supp. at 538.

■ The *Moses* court relied, in part, upon the ruling by the bankruptcy court in *Connelly, supra*. *Connelly* noted that § 349(a) provides that "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, ...." 11 U.S.C. § 349(a). Accordingly, *Connelly* reasoned, the dismissal of the bankruptcy case after a proper assertion of privilege which results in the impossibility of

administration is not violative of *Lefkowitz.* 59 B.R. at 448. "[The debtor] may file and seek discharge at a later date after his apprehensions of prosecution have ended." *Id.* at 447. *Cf. Scarfia v. Holiday Bank,* 129 B.R. 671, 675 (M.D.Fla.1990) ("The bankruptcy court can dismiss, *sua sponte,* a petition that cannot be administered due to a debtor's refusal to provide information. Requiring him to choose between the benefits of discharge and the costs of self-incrimination does not necessitate forfeiture of one constitutional right to secure another since only the latter stems from the Constitution.").

■ The court concludes that in the present matter the Debtor's refusal to answer questions impairs the Trustee's ability to effectively administer the estate. The affidavit of the FDIC officer clearly raises questions that only the Debtor can answer about the existence of property transfers and the location of assets. The court adopts the reasoning of *Moses* and *Connelly* in concluding that the Trustee's inability to effectively administer the estate constitutes cause under § 707(a). The court also concludes that such dismissal does not impose an impermissible punishment on the Debtor for invoking the Fifth Amendment at the creditors' meeting. The court finds *Mellon Bank, N.A. v. Fekos (In re Fekos),* 148 B.R. 10 (Bankr.W.D.Pa. 1992), relied upon by the Debtor, inapplicable to the circumstances of this proceeding.

## IV.

### CONCLUSION

The Trustee's motion to dismiss the Debtor's Chapter 7 case is granted and the case is dismissed, without prejudice. It is

SO ORDERED.