**In re Carmen V. CIOTTI, Debtor.**

**John C. Melaragno, Trustee and Boubacar Barry, Plaintiffs**

v.

**Carmen V. Ciotti, Defendant.**

**Bankruptcy No. 09–11786–TPA.**
**Adversary No. 09–1152–TPA.**

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 18, 2011.

---

Boubacar Barry, pro se.

John C. Melaragno, Trustee, Erie, PA, pro se.

Jay R. Stranahan, Carney & Good, Erie, PA, for Defendant.

### MEMORANDUM ORDER

THOMAS P. AGRESTI, Chief Judge.

On November 29, 2010, trial on the *Amended Complaint to Determine the Dischargeability of a Debt* filed by Plaintiffs, John C. Melarango, Trustee ("Trustee") and Boubacar Barry ("Barry") at Document No. 15, commenced. While the pleadings are somewhat confusing as to the nature of the relief being sought, all Parties agreed at the commencement of trial that this matter involved an action in which the Plaintiffs seek to deny the Defendant/Debtor, Carmen V. Ciotti, a discharge under *11 U.S.C. § 727(a)(2)(A)* and *§ 727(a)(4)(A)*.

Following the testimony of a representative of the Erie County Sheriff's Department and Barry, the Debtor was called by the Trustee as a witness for questioning "as on" cross-examination. After answering several initial questions as to his name and address, the Debtor responded to all further questions by simply asserting his *Fifth Amendment* right against self-incrimination.

Based on his *Fifth Amendment* privilege, the Debtor refused to answer basic questions which, at least on the surface, are innocuous and pose no risk of self-incrimination. These questions included those related to his address and matters which appear on the record, i.e., whether he filed a Chapter 7 bankruptcy on September 30, 2009, whether he filed a prior bankruptcy case and whether certain exhibits represent his Chapter 7 Petition and related Schedules. The Debtor had previously answered many of these very same questions at the *Section 341 First Meeting of Creditors* and at a deposition taken on July 7, 2010. Despite the Court inquiring of him, the Debtor did not offer any basis for his assertion that the testimony would incriminate him. In light of the Debtor's blanket assertion of the privilege, it was clear the matter could not continue since— even assuming some explanation from the Debtor or his Counsel would have been forthcoming—the time necessary to prop-

erly explain the basis for each and every exercise of the Debtor's *Fifth Amendment* privilege was not available. As a result, the Court interrupted the trial pending the rescheduling of it for a later time and to allow for a more thorough consideration of the *Fifth Amendment* issue by the Court.

### The Fifth Amendment Privilege

■ The *Fifth Amendment* privilege against self incrimination may be *properly* asserted by a debtor in a bankruptcy proceeding with the debtor retaining the right to receive a discharge. *In re Nam,* 245 B.R. 216, 224, n. 7 (Bankr.E.D.Pa.2000); *In re Potter,* 88 B.R. 843, 849 (Bankr. N.D.Ill.1988) (citing *In re Martin–Trigona,* 732 F.2d 170 (2d Cir.1984)), *cert. denied,* 469 U.S. 859, 105 S.Ct. 191, 83 L.Ed.2d 124 (1984). However, "[a] witness cannot relieve himself of the duty to answer questions ... put to him by a mere blanket assertion of the privilege." *Burt Hill, Inc. v. Hassan,* 2009 WL 4730231 at *4 (W.D.Pa.2009) (citing *National Life Ins. Co. v. Hartford Acc. & Indem. Co.,* 615 F.2d 595, 598 (3d Cir.1980)). A debtor seeking relief from his debt obligations by filing a petition under the *Bankruptcy Code* does so willingly and voluntarily and is not entitled to as much consideration in being compelled to testify as would be another witness who has no interest in the proceeding. *Scarfia v. Holiday Bank,* 129 B.R. 671, 675 (M.D.Fla.1990).

■ To properly invoke *Fifth Amendment* protections, a witness must place before the court sufficient information to allow it to determine whether the witness's silence is justified on a question by question basis. *Burt Hill,* 2009 WL 4730231 at *2; *In re Vignola,* 2009 WL 1241281 at * 1 (Bankr.E.D.N.C.2009). Thereafter, when a witness claims the privilege, it is incumbent upon the Court to conduct an inquiry into the legitimacy and scope of such claim. *Potter,* 88 B.R. at 849 (citing *U.S.*

*v. Goodwin,* 625 F.2d 693 (5th Cir.1980)). However, for invocation of the privilege, a debtor must provide reasonable support for the position that the debtor's answers could result in criminal actions. *Pansier v. Wis. Dep't. of Revenue,* 2010 WL 4025884 (E.D.Wis., 2010). "A witness's fear of prosecution cannot be merely 'trifling or imaginary,' but must be 'substantial and real'." *Id.* at *3, (quoting *In re Corrugated Container Antitrust Litigation,* 655 F.2d 748 (7th Cir.1981), *aff'd* 459 U.S. 248, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983)).

### Dismissal of Case

■ The reason for the Debtor's invocation of the *Fifth Amendment* privilege during a trial that follows from his filing of sworn schedules and testimony at both the § 341 Creditors Meeting and a deposition, where he testified freely without claim of privilege, is, at this point, a mystery. To the extent that the Court determines that a debtor has improperly asserted the privilege as to certain questions, and the debtor knowingly refuses to comply with an order of court by refusing to answer in contradiction to that order, the debtor may be exposed to negative consequences including a denial of discharge. *In re Martinez,* 126 Fed.Appx. 890, 897 (10th Cir.2005).

■ Regarding a debtor's prior testimony in the same proceeding at issue, where no invocation of the *Fifth Amendment* privilege occurs, such testimony constitutes a waiver of the privilege as to that proceeding for the segments of inquiry covered by the prior testimony. In this case, The Debtor not only testified at the *§ 341* Meeting, but also at a deposition which was part of the present adversary proceeding. "Once a witness voluntarily discloses an incriminating fact, the privilege cannot be invoked to avoid disclosing the details of the fact unless the witness'

answer to the particular question posed would subject him or her to a 'real danger' of further incrimination." *Nam,* at 227 (citing *Rogers v. U.S.,* 340 U.S. 367, 373–74, 71 S.Ct. 438, 95 L.Ed. 344 (1951)). To the extent that the Debtor testified at the § 341 Meeting and at his deposition in this matter, he has waived his privilege as to those questions and to the details of those facts, unless he can show that the further details pose a 'real danger' of further incrimination. *In re Paige,* 411 B.R. 319, 335 (Bankr.N.D.Tex.2008).

▇ Dismissal of a bankruptcy case without discharge is appropriate where a *Fifth Amendment* privilege is invoked, even if properly asserted, when the exercise of the privilege precludes a trustee's fair and effective administration of the bankruptcy estate. *In re Moses,* 792 F.Supp. 529 (E.D.Mich.1992); *In re Peklo,* 201 B.R. 331 (Bankr.D.Conn.1996); *In re Blan,* 239 B.R. 385 (Bankr.W.D.Ark.1999); *In re Fekos,* 148 B.R. 10 (Bankr.W.D.Pa. 1992). Dismissal may be appropriate where such action is taken, not to punish the debtor, but to balance the invocation of the privilege against the need for adequate disclosure to the trustee and creditors. *Moses,* 792 F.Supp. at 538.

### ORDER

▇ As of this stage of the proceeding, the Debtor has offered no record explanation of the basis for his assertion of his *Fifth Amendment* privilege. The Court will reconvene the trial to give the Debtor a final opportunity, upon each anticipated assertion of the *Fifth Amendment* privilege, to offer credible reasons why answering the questions asked at trial would pose a real threat of incrimination, or, further incrimination as to those areas where he has already waived the privilege by his prior testimony. In the event the Debtor invokes the privilege, it will presumably be on his attorney's advice. Therefore, Debtor's Counsel shall be prepared to justify the advice given subject to *Fed.R.Bankr.P. 9011* consequences. Similarly, in response to any assertion of the privilege, the Plaintiffs are to be prepared to argue, if warranted: the inappropriateness of the reason asserted; whether Debtor waived the privilege by prior testimony; and, the extent to which Debtor's invocation of his *Fifth Amendment* rights will hamper or make it impossible to administer the estate.

*AND NOW,* this *18th* day of *January, 2011, Trial* on the *Amended Complaint to Determine the Dischargeability of a Debt* having previously been suspended for the reasons stated above, it is hereby *ORDERED, ADJUDGED AND DECREED* that on *February 8, 2011 at 2:00 P.M.* in the Erie Bankruptcy Courtroom, U.S. Courthouse, 17 South Park Row, Erie, PA 16501, *Trial* of the above matter is hereby scheduled to reconvene and continue with the testimony of the Debtor.